# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00404-CV

---

**Jerretta Pate and April Burke, Appellants**

**v.**

**Haven at Thorpe Lane, LLC, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 20-0858, THE HONORABLE MARGARET G. MIRABAL, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

By its 2019 amendments, the legislature ostensibly sought to narrow the TCPA's breathtaking scope. I believe those amendments attempted to address procedural matters such as we have before our court. Therefore, I respectfully dissent and would affirm the trial court's denial of the TCPA motion.

In the amendments, the legislature expressly excluded from the definition of a "legal action" any "procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *See* Tex. Civ. Prac. & Rem. Code 27.001(6)(A). Initially, I do not think that a motion for discovery sanctions filed against non-parties constitutes a "legal action" but, rather, is the exact type of "procedural action" the legislature sought to exclude in its amendments. This is especially true when the Texas Rules of Civil Procedure do not authorize the imposition of sanctions against non-parties but, instead, require the party seeking the discovery to either obtain an order requiring the objecting party

to produce the objected-to discovery or enforce the subpoena by contempt. *See* Tex. R. Civ. P. 176.6(d), 176.8. A motion that improperly seeks discovery sanctions against a non-party cannot reasonably be construed as a "claim for legal, equitable, or declaratory relief" for the simple reason that there exists no such "claim"—no entitlement to a sanctions award under these circumstances—as a matter of law.

However, even assuming that Haven's motion constitutes a claim for legal, equitable, or declaratory relief, such motion would fall under the TCPA only if it either (1) is based on or is in response to the mothers' exercise of one of the three protected constitutional rights (of free speech, to petition, or of association) or (2) arises from an act of the mothers *that is in furtherance of* the mothers' Section 27.010(b)(2) conduct. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a) (allowing party to file motion to dismiss if legal action "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b)"), .010(b)(2) (establishing that TCPA applies to "a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses"). In its opinion, the Court did not address whether the mothers proved the first ground here, and I do not believe that the mothers did because Haven's motion is based on and is in direct response to the non-party mothers' alleged violation of discovery rules, not anything else. Notwithstanding the mothers' arguments to the contrary, it cannot reasonably be contended that the motion *is based on or is in response to* the mothers' exercise of the rights of free speech, to petition, or of association. The 2019 amendments jettisoned the exceedingly broad "relates to" language, tightening up the nexus that must exist between the protected right and the legal action.

2

Additionally, I disagree with the Court's conclusion that the mothers met the second prong. Haven's motion does not "arise from" any act of the mothers that is "in furtherance of" the mothers' communication, gathering, receiving, posting, or processing of (a) consumer opinions or commentary, (b) evaluations of consumer complaints, or (c) reviews or ratings of businesses. *See id.* §§ 27.003(a), .010(b)(2). While some of the discovery that Haven is seeking from the mothers necessarily falls into one or more of these categories (e.g., communications that the mothers had with "any person" that discuss, mention, or relate to the "litigation topics" will presumably include reviews and commentary about Haven), it is the motion to compel and for sanctions—not the requested discovery—that must *arise from* an act of the mothers that is *in furtherance of* their posting and receiving of commentary and the like. Haven's motion to compel and for sanctions arises from the mothers' resistance towards and objections to Haven's discovery requests. Can the mothers' resistance towards discovery requests reasonably be said to be *in furtherance of* their (prior) posting and receiving of commentary about Haven? I think not.[1]

Haven's motion to compel and for sanctions arises from alleged violations of discovery rules, nothing more, and certainly not from TCPA-protected conduct. Because I believe that the Court's opinion construes Sections 27.001(6)(A) and 27.003 too broadly, I respectfully dissent and would affirm the trial court's denial of the mothers' TCPA motion.

---

[1] *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/further, https://www.merriam-webster.com/dictionary/furtherance (relevantly defining "furtherance" as "the act of furthering" or "advancement" and "to further" as "to help forward" or "promote") (last visited October 23, 2023). Actions taken to promote or advance the posting or receiving, etc., of reviews and commentary about a business imply actions taken *contemporaneously* with the posting or receiving, not discovery actions taken months or years later when litigating about matters touching upon such posting or receiving of reviews and commentaries.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Jones

Filed:   October 26, 2023